**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

July 7, 2015

LETTER TO COUNSEL

      RE:    *Randall Hemp v. Commissioner, Social Security Administration*;
              Civil No. SAG-14-2855

Dear Counsel:

      On September 9, 2014, Plaintiff Randall Hemp petitioned this Court to review the Social Security Administration's final decision to deny his claims for Disability Insurance Benefits and Supplemental Security Income. [ECF No. 1]. I have considered the parties' cross-motions for summary judgment. [ECF Nos. 17, 18]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both parties' motions, reverse the Commissioner's judgment, and remand the case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

      Mr. Hemp protectively filed his claims for benefits on September 27, 2010. (Tr. 80-81, 147-62). He alleged a disability onset date of June 15, 2005, which he later amended to February 21, 2007. (Tr. 46, 147-62). His claims were denied initially and on reconsideration. (Tr. 84-91, 95-108). A hearing was held on May 9, 2013, before an Administrative Law Judge ("ALJ"). (Tr. 43-79). Following the hearing, the ALJ determined that Mr. Hemp was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 14-32). The Appeals Council denied Mr. Hemp's request for review, (Tr. 1-4), so the ALJ's decision constitutes the final, reviewable decision of the agency.

      The ALJ found that Mr. Hemp suffered from the severe impairments of bipolar disorder, obsessive-compulsive disorder, history of alcohol abuse, and arthritis of the right shoulder. (Tr. 19). Despite these impairments, the ALJ determined that Mr. Hemp retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), except the claimant can lift and carry 10 pounds frequently and 20 pounds occasionally, sit, stand and/or walk for six hours in an eight hour workday, and only occasionally climb, balance, stoop, kneel, crouch and crawl; but no overhead work or pushing or pulling with the claimant's upper extremities. The claimant can perform simple, routine and repetitive tasks in a stable environment with occasional

*Randall Price Hemp v. Commissioner, Social Security Administration*
Civil No. SAG-14-2855
July 7, 2015
Page 2

>    interaction with the public and co-workers and only engage in minimal decision-making.

(Tr. 22). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Hemp could perform jobs existing in significant numbers in the national economy and that, therefore, he was not disabled. (Tr. 25-26).

On appeal, Mr. Hemp raised three arguments: (1) that the ALJ failed to include restrictions in his RFC to account for moderate limitations found by state agency psychologists; (2) that the ALJ erred by not including limitations in his RFC to account for his impaired ability to walk, stand, lift, carry, concentrate, and work with others; and (3) that the ALJ's opinion violated the dictates of *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015), a Social Security appeal from the Eastern District of North Carolina. While several of Mr. Hemp's arguments lack merit, I agree that the ALJ's evaluation of Mr. Hemp's "moderate limitation" in concentration, persistence, or pace was inadequate under *Mascio*, and that remand is thus warranted. In so holding, I express no opinion as to whether the ALJ's ultimate determination that Mr. Hemp was not entitled to benefits was correct or incorrect.

Beginning with the unsuccessful arguments, Mr. Hemp erroneously suggests that the RFC determined by the ALJ failed to account for limitations in his ability to walk and stand, lift and carry, and work with coworkers and the public. Pl. Mot. at 6. In fact, however, the RFC limits Mr. Hemp to a reduced range of light work, which inherently limits him to lifting and carrying 10 pounds frequently and 20 pounds occasionally, and to standing and walking for a maximum of six hours in an eight hour workday. Moreover, there is a specific limitation in the RFC to "occasional interaction with the public and co-workers." (Tr. 22). Thus, Mr. Hemp's assertions that the RFC was deficient in those areas lack merit.

However, Mr. Hemp's arguments relating to the ALJ's evaluation of his ability to concentrate and persist at tasks fare better. As background, on March 18, 2015, while Mr. Hemp's case remained pending, the United States Court of Appeals for the Fourth Circuit published its opinion in *Mascio*. In *Mascio,* the Fourth Circuit determined that remand was appropriate for three distinct reasons. Pertinent to this case, the Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE – and the corresponding RFC assessment – did not include any mental limitations other than unskilled work,[1] despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. *Mascio*, 780 F.3d at 637-38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id.* at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the

---

[1] The hypothetical the ALJ posed to the VE in *Mascio* did not actually limit the claimant to unskilled work, and thus did not match the ALJ's RFC assessment. However, the VE indicated that all of the jobs cited in response to the hypothetical involved "unskilled work" such that, in effect, the hypothetical matched the ALJ's RFC assessment.

ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Id.*

In this case, at step three of the sequential evaluation, the ALJ determined that, "with regard to concentration, persistence or pace," Mr. Hemp has "moderate difficulties." (Tr. 21). The entirety of the ALJ's analysis states, "The claimant reported problems with concentration and task completion. He told Dr. Mihael Taller, who performed a consultative psychological examination on December 17, 2010, that he had no friends and visited no one. Dr. Han prepared an April 19, 201, [sic] medical source statement finding the claimant had extreme limitations in this domain." *Id.* Initially, this analysis is problematic in the sense that the citation to Dr. Taller's examination appears misplaced. Mr. Hemp's lack of friends and disinclination to visit others is far more relevant to his social functioning than to his ability to concentrate.

Moreover, according to 20 C.F.R. § 404.1520a(c)(2), the rating of "moderate difficulties" is supposed to represent the result of application of the following technique:

> We will rate the degree of your functional limitation based on the extent to which your impairment(s) interferes with your ability to function independently, appropriately, effectively, and on a sustained basis. Thus, we will consider such factors as the quality and level of your overall functional performance, any episodic limitations, the amount of supervision or assistance you require, and the settings in which you are able to function.

Once the technique has been applied, the ALJ is supposed to include the results in the opinion as follows:

> At the administrative law judge hearing and Appeals Council levels, the written decision must incorporate the pertinent findings and conclusions based on the technique. The decision must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s). The decision must include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of this section.

20 C.F.R. § 404.1520a(e)(4). The analysis provided by the ALJ in Mr. Hemp's case suggests that the finding of "moderate difficulties" was based on (1) Mr. Hemp's statements that he experiences issues with concentrating and task persistence; and (2) Dr. Han's evaluation.

However, in the section of the opinion containing the RFC assessment, the ALJ assigns only "minimal weight" to Dr. Han's opinion, suggesting that he did not credit its assertions. (Tr. 23). Furthermore, the ALJ does not specifically discuss Mr. Hemp's abilities to concentrate and

persist, despite assigning "great weight" to the opinion of a State agency psychological consultant who noted, in Section III of his opinion, that "Pace, persistence and sustained concentration are moderately impaired . . . A/C [presumably attention and concentration] fluctuates at times due to the effects of the conditions." (Tr. 397). The Commissioner now contends that the ALJ accounted for the moderate limitation in concentration, persistence, and pace by imposing the requirement that the claimant perform "simple, routine and repetitive tasks in a stable environment." (Tr. 22). However, nothing about a stable environment would remedy a claimant's difficulties with sustaining concentration in the performance of a repetitive task. In light of the ALJ's failure to impose a condition to address the moderate limitation in that area, and failure to explain the reason why no such condition is warranted despite the assignment of great weight to the opinion of the State agency consultant, remand is appropriate for further analysis.

For the reasons set forth herein, Mr. Hemp's Motion for Summary Judgment [ECF No. 17] is DENIED and Defendant's Motion for Summary Judgment [ECF No. 18] is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge